# United States District Court
# Central District of California

| | |
|---|---|
| FELIXBERTO LEGASPI,<br><br>Plaintiff,<br><br>v.<br><br>JHPDE FINANCE I, LLC, et al.,<br><br>Defendants. | Case № 2:20-CV-02945-ODW (SKx)<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [32]** |

## I. INTRODUCTION

Plaintiff Felixberto Legaspi moves for leave to file a First Amended Complaint ("FAC") to add a new cause of action and additional factual allegations. (Mot. to Amend Compl. ("Mot."), ECF No. 32.) The motion is fully briefed. (Opp'n, ECF No. 34; Reply, ECF No. 38.) For the following reasons, the Court **DENIES** Legaspi's Motion.[1]

## II. BACKGROUND

Legaspi claims that while he was in the Philippines "[s]ometime in early 2017, . . . an imposter willfully obtained [his] personal identifying information and used such information to fraudulently open a line of credit with Citibank, N.A."

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

("Citibank"). (Compl. ¶ 24, ECF No. 1.) Legaspi alleges that this Citibank account incurred a debt totaling $10,715.86 in his name without his knowledge or consent. (*Id.* ¶¶ 26–27, 30–31, 35.) Citibank subsequently "sold, transferred, assigned or otherwise placed" this debt to JHDPE Finance I, LLC ("JHDPE"). (*Id.* ¶ 32.) JHDPE then retained Mandarich Law Group, LLC ("Mandarich") to collect the debt. (*Id.* ¶ 34.)

On November 7, 2018, Mandarich filed suit against Legaspi in state court to collect the $10,715.86 delinquent amount. (*Id.* ¶ 35.) Legaspi claims that he became aware of the Citibank account after he was served with that complaint. (*Id.* ¶ 36.) Accordingly, he filed a police report and submitted it with his answer, asserting that he was a victim of identity theft. (*Id.* ¶ 37–38.) That case was eventually dismissed. (*Id.* ¶ 41–42.)

On March 27, 2020, Legaspi filed this action against Defendants for allegedly "continu[ing] to attempt to collect on the [d]ebt and pursue litigation against [him]." (*Id.* ¶ 46.) Specifically, Legaspi asserts claims against Defendants for violation of the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act. (*Id.* ¶¶ 54–62.) The Court subsequently issued its Scheduling and Case Management Order ("Scheduling Order") for this matter, setting January 11, 2021, as the deadline to file a motion to amend pleadings. (Scheduling Order, ECF No. 26.) Legaspi now seeks to file a FAC forty-five days after that deadline. (*Id.*; *see generally* Mot.)

### III.   LEGAL STANDARD

"[A]fter the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of [Rule 16(b)(4)]" before amendment will be permitted. *Neidermeyer v. Caldwell*, 718 F. App'x 485, 488 (9th Cir. 2017) (quoting *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013)); *see also* Fed. R. Civ. P. 16(b)(4) (explaining that a scheduling order "may be modified only for good cause and with the judge's

consent.") "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (alteration in original). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.*

Only where Rule 16's good cause standard is met must a court consider whether amendment is proper under Rule 15. *See id.* at 608. "The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 737; *see also Johnson*, 975 F.2d at 610 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."). "Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson*, 975 F.2d at 610. "Rule 16 was drafted to prevent this situation and its standards may not be short-circuited by an appeal to those of Rule 15." *Id.*

## IV.   DISCUSSION[2]

Legaspi seeks leave to amend to add the following in a FAC: (1) an additional FDCPA claim under 15 U.S.C. § 1692c, which prohibits debt collectors from directly contacting a represented party, and (2) new "bolstering" factual allegations. (Mot. 2–3, 6.) Legaspi asserts that good cause is satisfied because he diligently "sought

---

[2] The Court need not address Defendants' untimely opposition because the Legaspi's Motion fails on the merits. (Reply ISO Mot. 2); *see Ferchau v. CitiMortgage Inc.*, No. 13-CV-00941-LHK, 2014 WL 27528, at *3 (N.D. Cal. Jan. 2, 2014) (holding that "resolution on the merits rather than on procedural grounds, including [an] untimely [o]pposition, is more likely to 'secure the just, speedy, and inexpensive determination' of [the] case"). The Court likewise does not reach Legaspi's Evidentiary Objections (ECF No. 38-1) because the Court does not rely on the objected statements in resolving the Motion.

discovery . . . from Defendants to determine if the need to amend will arise," and only failed to timely amend because of "repeated delays in discovery." (*Id.* at 6.) However, Legaspi misconstrues the rules.

Under Rule 16, the diligence inquiry focuses on "the moving party's *reasons* for seeking modification," not on the party's efforts in determining whether modification or amendment is required. *Johnson*, 975 F.2d at 609 (emphasis added). Considering Legaspi's reasons for seeking amendment, the Court finds he has not met the good cause standard for several reasons.

***First***, Legaspi knew of the FDCPA claim and its supporting factual allegations at the inception of this lawsuit. (*See* Mot., Ex. A ("Proposed FAC") ¶¶ 65–66, 89–91, ECF No. 32-3.) In fact, he admits he "mistakenly believed that [the] § 1692c violation had already been included" in the original complaint." (Mot. 6.) This admission shows he was aware of both the cause of action and the factual allegations to support it at the time of the initial complaint. Good cause is rarely found where, as here, the omission is based on carelessness and the party belatedly seeks to amend to add known facts and theories." *Johnson*, 975 F.2d at 610; *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 738.

***Second***, Legaspi seeks to add "a number of detailed facts [that] were learned or confirmed through [discovery]," but these additional facts were either previously discoverable or are unnecessary at this stage of pleading. (*See* Mot. 2–3, 6.) For instance, Legaspi's proposed FAC includes supplemental facts about his communications with Defendants prior to and during the state proceeding. (Proposed FAC ¶¶ 48–54, 67–70.) However, it is clear that Legaspi participated in or otherwise authorized these communications. And he provides no explanation for his failure to allege these known facts in the initial complaint. (*See generally* Mot.) Because Legaspi "has been aware of the[se] facts . . . since the inception of the action," he fails to show diligence and good cause" to add them at this stage in the proceeding. *In re W. States*, 715 F.3d at 738.

In sum, Legaspi fails to show good cause under Rule 16(b)(4). Accordingly, the Court **DENIES** the Motion.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Legaspi's Motion for Leave to File First Amended Complaint. (ECF No. 32.)

**IT IS SO ORDERED.**

May 18, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**